UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY SCOTT SADLER,<br><br>                Petitioner,<br><br>    v.<br><br>MARY J. BULLARD, STEPHEN SINCLAIR,<br><br>                Respondents. | CASE NO. 2:18-cv-01440-JLR-BAT<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL AND GRANTING FINAL EXTENSION** |

On October 1, 2018, Petitioner, acting *pro se*, filed his 28 U.S.C. § 2254 petition. Dkt. 1. On October 4, 2018, the Court ordered the petition served and *sua sponte* appointed the office of the Federal Public Defender for the Western District of Washington as counsel for the Petitioner. Dkt. 2. After Respondents filed their response to the petition, Petitioner was granted extensions to file his optional reply. Dkts. 16 and 18. On April 15, 2019, Petitioner filed a motion to again proceed *pro se* and asked for an additional extension of time. Dkt. 23. That motion was granted. Petitioner's deadline to file his responsive brief was reset to April 30, 2019. On that date, Petitioner again asked for an extension of time and now requests that the Court appoint him other counsel because he is a disabled veteran and "due to disability issues." Dkt. 25.

"The sixth amendment right to counsel does not apply in habeas corpus actions." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The Court's Order appointing the

ORDER DENYING MOTION FOR THE
APPOINTMENT OF COUNSEL AND
GRANTING FINAL EXTENSION - 1

FPD as Petitioner's counsel was rescinded when Petitioner objected to his counsel, asked that the appointment order be rescinded, and indicated he wished to again proceed *pro se*.

A district court is authorized to appoint counsel for a habeas petitioner when it determines the interests of justice require such appointment (18 U.S.C. § 3006A(a)(2)(B)); however, "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert*, 791 F.2d at 728. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

The Court finds appointment of counsel is not needed to avoid a due process violation in this case. Petitioner began his case *pro se* and filed his petition without assistance of counsel. He has also been given several extensions to file his optional reply.

Accordingly, it is **ORDERED:**

1) Petitioner's request for appointment of counsel (Dkt. 25) is **denied**.

2) Any response to the Answer that Petitioner wishes to file is due **no later than May 20, 2019**. **No further extensions of this deadline shall be granted**.

3) Respondent's reply to any response filed by Petitioner shall be filed **no later than June 3, 2019**.

4) The Clerk shall note the matter for **June 6, 2019** as ready for the Court's consideration.

DATED this 13th day of May, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR THE
APPOINTMENT OF COUNSEL AND
GRANTING FINAL EXTENSION - 2