UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STANLEY SCOTT SADLER,

          Petitioner,

v.

MARY J. BULLARD, STEPHEN SINCLAIR,

          Respondents.

Case No. 2:18-cv-01440-JLR-BAT

**REPORT AND RECOMMENDATION**

Petitioner Stanley Scott Sadler seeks 28 U.S.C. § 2254 habeas relief from his 2015 convictions. Dkt. 1. On May 5, 2015, Petitioner was sentenced to 31.4 months and community custody for attempted commercial sex abuse of a minor and 12 months for communication with a minor for immoral purposes. Dkt. 12, Ex. 1. Petitioner is currently under the Washington Department of Corrections' supervision with a scheduled end date of July 3, 2019. *Id.*, Ex. 2 (OMNI Legal Face Sheet, at 1 (SED: 07/03/2019)).

Petitioner presents three grounds for federal habeas relief:

1. Actual innocence based on factual impossibility;

2. Outrageous police conduct; and

3. Violation of Petitioner's First Amendment rights to engage in online sexual fantasy and investigate online fraud and police misconduct.

Dkt. 1, pp. 6, 8, 9.

REPORT AND RECOMMENDATION- 1

Respondent does not argue the grounds for relief are unexhausted or untimely. *See* Dkt. 11, p. 4 (citing Exs. 5 and 7). The claims are therefore properly before the Court and the Court need not recite the procedural history regarding the state court direct appeal or personal restraint petition proceedings.

The Court recommends the habeas petition be denied because Petitioner has failed to demonstrate that the state-court adjudication of his grounds for relief was contrary to, or an unreasonable application of, established federal law, or was an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). The Court also recommends **DENYING** an evidentiary hearing and issuance of a certificate of appealability.

## BACKGROUND

On October 1, 2018, Petitioner, acting *pro se*, filed his 28 U.S.C. § 2254 petition. Dkt. 1. On October 4, 2018, the Court ordered the petition served and *sua sponte* appointed the office of the Federal Public Defender for the Western District of Washington as counsel for Petitioner. Dkt. 2. After Respondents filed their response to the petition, Petitioner was granted extensions to file his optional reply. Dkts. 16 and 18. The Court prematurely entered a report and recommendation (Dkt. 19), which was withdrawn, and the habeas petition was re-noted. Dkt. 22.

On April 15, 2019, Petitioner filed a motion to proceed *pro se* and asked for an additional extension of time. Dkt. 23. That motion was granted and the habeas petition was again re-noted. Dkt. 24. Petitioner's deadline to file his responsive brief was reset to April 30, 2019. On that date, Petitioner again asked for an extension of time and requested that the Court appoint him new counsel. Dkt. 25. The Court denied the motion for the appointment of other counsel, but granted one last extension. Dkt. 26, p. 2.

On May 20, 2019, Petitioner filed his response. Dkt. 27. Respondent did not file a reply.

## FACTS OF CASE

The Washington Court of Appeals summarized the facts of Petitioner's case:

> Stanley Sadler posted a sexually explicit ad on Craigslist seeking a young female for a sexual liaison. Vice Detective Tye Holand of the Seattle Police Department responded to Sadler's ad because of its references to youth. Holand posed as a fifteen-year-old prostitute named "Jen."
>
> Jen and Sadler exchanged emails. Jen repeatedly stated that she was fifteen. Sadler sometimes said he did not believe Jen was fifteen and asked her to say she was eighteen. Sadler and Jen also talked on the phone.[1] Sadler told Jen that because of her age, they could both be in a lot of trouble.
>
> After further email communication, Sadler proposed the details of their meeting. He told Jen that he would not pay for sex but would give her $150 as a gift. Sadler asked Jen to type that she was eighteen. Jen replied that she was fifteen. After several emails, Jen sent another email that stated she was "'consenting and 18. You have what you want[.]'"
>
> The next morning Jen called Sadler and reminded him that she was only fifteen. After the call, Sadler emailed Jen and said he was not agreeing to have sex with a minor. He said that he only continued to communicate with her because he believed she was over eighteen and that he was only meeting her so they could talk. Jen responded that she did not want Sadler to waste her time. Sadler replied that he was on his way.
>
> A few minutes later Sadler arrived at the meeting place and was arrested. In a search incident to arrest, officers found $216 cash. Sadler was charged with attempted commercial sexual abuse of a minor and communicating with a minor for immoral purposes. (Footnote omitted.)
>
> At trial, Sadler argued that he was not guilty because he never believed Jen was a minor. He contended that he engaged in a lawful role-playing game with an adult who was pretending to be a minor. Sadler sought to admit email chains with other women. He argued that the emails demonstrated that he was seeking a long-term sexual relationship with a consenting adult and that he knew there were many "pretenders and scammers" on Craigslist.
>
> The trial court admitted nine of the email chains with no redaction, redacted six email chains, and ruled two inadmissible. A jury convicted Sadler of both charges. Sadler appeals.

---

[1] Jami Suedel, a twenty-six year old female police officer, pretended to be Jen in phone conversations.

Dkt. 12, Ex. 3, Opinion, *State v. Sadler*, Washington Court of Appeals Cause No. 73525-0-I, at 1-3; 198 Wash. App. 1023, *review denied*, 189 Wash. 2d 1010, 403 P.3d 41 (2017) (internal citations omitted).

## EVIDENTIARY HEARING

The court retains the discretion to conduct an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). A hearing is not required if the allegations would not entitle a petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

The Court concludes Petitioner's habeas claims may be resolved by review of the existing record and that no evidentiary hearing is required because Petitioner's allegations do not entitle him to habeas relief.

## HABEAS REVIEW STANDARD

A federal court may not grant habeas relief unless the state court decision: "(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court." *See Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is contrary to clearly established federal law if it contradicts the law set forth by the United States Supreme Court, or reaches a result different than that reached

REPORT AND RECOMMENDATION- 4

by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state court's decision is an unreasonable application of clearly established federal law when the state court identifies the correct legal rule, but applies it to a new set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal law means the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012) (citation omitted). A court's determination of clearly-established law rests on a Supreme Court holding, not on circuit decisions. *See Wright v. VanPatten*, 552 U.S. 120, 125–26 (2008) (A Supreme Court case must have "squarely address[ed]" a certain issue and given a "clear answer" regarding the applicable legal rule to create "clearly established federal law.").

"A federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014); *see also Miller–El I*, 537 U.S. 322, 340 (2010) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)."). Additionally state-court factual findings are presumed correct. This is a presumption the petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187, 2199–2200 (2015) (quotation and citation omitted). "Consequently even if reasonable minds reviewing the record might disagree about a state court's factual determination, a federal habeas court cannot supersede the trial court's determination." *Id.* at 2201.

REPORT AND RECOMMENDATION- 5

When more than one state court has adjudicated a claim, the Court analyzes the last reasoned decision that was "an adjudication on the merits." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005).

## DISCUSSION

**A.    Ground 1 – Actual Innocence**

Petitioner contends he is actually innocent because "the detective's admission to being an adult makes it factually impossible for crimes dependent on his portrayal of a minor – and Mr. Sadler's belief in a minor – to have been committed." Dkt. 1, p. 5.

The Supreme Court has never recognized a freestanding claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Similarly, Washington has not adopted a free standing actual innocence ground for post-conviction relief:

> Sadler first contends that the trial court erred because he is actually innocent. Some states have adopted an actual innocence doctrine, "in which innocence itself provides a basis for relief." In re Weber, 175 Wn.2d 247, 256, 284 P.3d 734 (2012) (citing Schlup v. Delo, 513 U.S. 298, 315, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995)). Because Washington has not adopted the doctrine, we reject Sadler's claim. Id. at 262.

Dkt. 12-1, Ex. 3, at 38-39.

In the absence of United States Supreme Court case law establishing a right to a free standing claim of actual innocence, a federal court cannot conclude that the state court's adjudication of such a claim was contrary to, or an unreasonable application of, clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, ... it cannot be said that the state court unreasonably applied clearly established Federal law") (citation, internal brackets and quotations omitted).

REPORT AND RECOMMENDATION- 6

On the other hand, the Ninth Circuit has assumed that such a claim may be viable. *Jones*, 763 F.3d at 1246. In order to prevail on such a claim, "at a minimum, the petitioner 'must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" *Jones*, 763 F.3d at 1246; *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). A petitioner's burden is "'extraordinarily high'" requiring a "'truly persuasive'" showing. *Carriger*, 132 F.3d at 476 (quoting *Herrera*, 506 U.S. at 417).

In determining whether petitioner has met this burden, the Court considers "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Jones*, 763 F.3d at 1247 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citation omitted)). Petitioner must demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find [him] guilty beyond a reasonable doubt." *House*, 547 U.S. at 537 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). After considering all of the evidence, the Court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538, 126 S.Ct. 2064 (quoting *Schlup*, 513 U.S. at 329, 115 S.Ct. 851).

In the rare case in which the *Schlup* standard has been found to have been met, the petitioner presented new "credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding the petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner." *Cotinola v. Gipson*, 2014 WL 562636, at *13 (C.D. Cal. Feb. 7, 2014) (citing cases). A habeas petitioner's "late-offered" testimony in support of his

REPORT AND RECOMMENDATION- 7

actual innocence in a habeas action is not "new" evidence if the substance of the petitioner's testimony was available at his criminal trial. *Hubbard v. Pinchak*, 378 F.3d 333, 340-1 (3d Cir. 2004). Nor is evidence which is a mere "repackaging of the record as presented at trial considered 'new' evidence which may properly support a claim of actual innocence." *Id*.

Having been convicted by a jury, the petitioner no longer has the benefit of the presumption of innocence. *Schlup*, 513 U.S. at 326 n.42. Instead, the petitioner comes before the federal court with a presumption of guilt. *Id*. To prevail, the petitioner must present evidence showing, more likely than not, that he is in fact innocent of the crime. *See e.g.*, *Carriger v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (en banc) (actual innocence shown by sworn confession of third person accurately describing details of crime); *cf. Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992) (if physical evidence does not exist, speculation about such evidence cannot establish actual innocence).

Here, Petitioner has presented no new evidence which may properly support a claim of actual innocence. Rather, he has simply repackaged the information and evidence that he presented at trial and upon which a jury found him guilty.

Petitioner also appears to argue that he is not guilty because the elements of the offenses were not proven, *i.e.*, because he did not communicate with an actual minor, and instead communicated with an adult, he is actually innocent. This argument is without merit. Petitioner was convicted of communication with a minor, RCW 9.68A.080, which makes it a crime for a person to communicate with a minor for immoral purposes, *or with someone the person believes to be a minor for immoral purposes*.  He was also convicted of attempted commercial sex abuse of a minor under RCW 9A.28.020 and RCW 9.68A.100. The Washington Court of Appeals rejected Petitioner's argument that the evidence was insufficient to support his convictions

REPORT AND RECOMMENDATION- 8

because the State failed to disprove his defense that he did not believe the undercover cop was a minor:

> Sadler next argues that the evidence was insufficient to support his convictions. Sadler contends that the State failed to disprove his defense that he did not believe Jen was a minor and that insufficient evidence supports the conclusion that he believed Jen was a minor.[3] We reject these arguments.
>
> The evidence is sufficient to support a criminal conviction if, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Joy*, 121 Wn.2d 333, 338, 851 P.2d 654 (1993) (citing *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980)). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that may be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).
>
> In support of his arguments, Sadler relies on the emails in which he stated that Jen was eighteen, he knew she was just doing "age-play," he would not pay for sex, and he was meeting only to hang out. He also asserts that the emails from Jen were so contradictory that no reasonable person would have believed them. However, he ignores those emails in which Jen repeatedly stated that she was a minor as well as Suedel's and Holand's testimony that they told Sadler Jen was fifteen. When this evidence is viewed in the light most favorable to the State and taken as true, a rational juror could have found that Sadler believed Jeri was a minor.
>
> Fn.3  Sadler also asserts that the sufficiency of the evidence must be reviewed under a heightened standard because his First Amendment rights are at stake. We reject this argument because, as we earlier discussed, communicating with a minor for immoral purposes or to solicit prostitution is not constitutionally protected speech. *City of Seattle v. Webster*, 115 Wn.2d at 648.

Dkt. 12-1, Ex. 3 at 41-42.

Petitioner's guilt arises from his intent to commit the crime, *i.e.* that he knowingly sought to engage in commercial sex abuse of minor.  That he was wrong and was actually communicating with an undercover cop is irrelevant because he nonetheless possessed the *mens rea* – the guilty mindset needed to meet the crime of attempted sex abuse of a minor. Moreover, the crimes of which he was convicted do not require proof of actual communication with a minor, merely the intent to communicate or abuse.

REPORT AND RECOMMENDATION- 9

For the foregoing reasons, it is recommended that relief on Petitioner's claim of actual innocence be denied.

**B.     Ground 2 – Outrageous Police Conduct**

In his second ground for relief Petitioner argues that the state court violated his First, Fifth, and Fourteenth Amendment due process rights when officers involved in the investigation used deceptive tactics. Dkt. 1, at 8. In his state court briefing of this claim, Petitioner relied on cases addressing entrapment. *See* Dkt. 12-2, Ex. 7, at 9-11 (citing *State v. Lively*, 130 Wn. 2d 1, 921 P.2d 1035 (1996) and *U.S. v. Black*, 733 F.3d 294 (9th Cir. 2013)). Neither case, however, addresses Supreme Court precedent in a habeas context.

The Washington Court of Appeals addressed the issue as follows:

> Sadler next argues that the police engaged in outrageous conduct that violated due process. The State's conduct may violate due process when it is "so shocking that it violates fundamental fairness." State v. Lively, 130 Wn.2d 1, 19, 921 P.2d 1035 (1996) (citing State v. Myers, 102 Wn.2d 548, 551, 689 P.2d 38 (1984)). Only egregious conduct supports such a claim. Id. Mere deception is not sufficient. Id. (citing United States v. Sneed, 34 F.3d 1570, 1577 (10th Cir. 1994)). We reject Sadler's argument because he points to no egregious police conduct. At most, Holand and Suedel deceived Sadler by their impersonation of a 15-year-old girl, but mere deception does not constitute outrageous conduct. Id. The email record shows only that Holand provided the opportunity for Sadler to commit a crime. He did not coerce Sadler or overcome Sadler's resistance to committing that crime.

Dkt. 12-1, Ex. 3 at 39[1] (p. 16 of Ex. 3). Supreme Court precedent holds that "the defense [of entrapment] is not of a constitutional dimension . . . ." *United States v. Russell*, 411 U.S. 423, 433 (1973). Rather, it is a statutory defense and a legislature may adopt whatever substantive definition of the defense it finds desirable. *Id*. For this reason, the validity of an entrapment defense is a matter of state law, and a claim of entrapment is not cognizable in a federal habeas

---

[1] ECF numbering.

REPORT AND RECOMMENDATION- 10

corpus proceeding. *See Estelle v. McGuire*, 502 U.S. at 67-68; *Miller v. Stagner*, 757 F.2d 988, 993 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986); *Darnell v. Swinney*, 638 F. Supp. 526 (D. Nev. 1986), aff'd, 823 F.2d 299 (9th Cir. 1987); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985).

Because Petitioner's entrapment claim does not raise a cognizable claim for federal habeas relief, it should be denied.

**C.   Ground 3 – First Amendment**

In his third ground for relief, Petitioner argues that the state violated his First Amendment free speech rights when it convicted him of communicating with a minor for immoral purposes and attempted commercial sex abuse of a minor. Respondent argues that the fact that an agreement to engage in illegal conduct necessarily takes the form of words does not confer upon it, or upon the underlying conduct, the constitutional immunities that the First Amendment extends to speech. The Court agrees that no violation of the First Amendment occurred.

The government violates due process when it vindictively attempts to penalize a person for exercising a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372 (1982). The constitutional guarantees of freedom of speech forbid the States to punish the use of words or language not within "narrowly limited classes of speech." *Gooding v. Wilson*, 405 U.S. 518, 521-22 (1972). In the context of asking someone to violate the law, "the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969).

REPORT AND RECOMMENDATION- 11

However, as to solicitation to enter into an agreement to violate the law, while it "arguably crosses the sometimes hazy line distinguishing conduct from pure speech, such a solicitation . . . remains in essence an invitation to engage in an illegal exchange for private profit, and may properly be prohibited." *Brown v. Hartlage,* 456 U.S. 45, 55 (1982); *see also Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 496 (1982); *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 563-564 (1980); *Pittsburgh Press Co. v. Comm'n on Human Relations*, 413 U.S. 376, 388 (1973). "Although agreements to engage in illegal conduct undoubtedly possess some element of association, the State may ban such illegal agreements without trenching on any right of association protected by the First Amendment." *Brown v. Hartlage*, 456 U.S. at 55. "The fact that such an agreement necessarily takes the form of words does not confer upon it, or upon the underlying conduct, the constitutional immunities that the First Amendment extends to speech." *Id*.

The Washington Court of Appeals rejected Petitioner's claim that Washington's statute prohibiting prostitution violated the First Amendment:

> Next, Sadler contends that the statutes are overbroad because they criminalize constitutionally protected free speech. Sadler argues that because he believed Jen was an adult, he was engaging in protected speech. But the jury rejected his testimony on this issue. It found that Sadler believed he was communicating with a minor. Thus, Sadler's argument fails because communicating with a minor for immoral purposes or to solicit prostitution is not constitutionally protected speech. City of Seattle v. Webster, 115 Wn.2d 635, 648, 802 P.2d 1333 (1990) (citing Seattle v. Slack, 113 Wn.2d 850, 856, 784 P.2d 494 (1989)).

Dkt. 12-1, Ex. 3 at 40-41 (17-18 of Ex. 3).

The State may lawfully prohibit Petitioner's solicitation of an individual he believed was an underage female because it was an invitation to engage in an illegal exchange. Petitioner has identified no Supreme Court precedent to support his assertion that he is entitled to relief under

REPORT AND RECOMMENDATION- 12

AEDPA. Thus the Washington Court of Appeals' decision affirming the trial court was not contrary to, or an unreasonable application of, federal precedent, and Petitioner's First Amendment claim should be denied.

**D.     Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends Petitioner not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends **DENYING** Petitioner's habeas petition on the merits without an evidentiary hearing, and **DENYING** the issuance of a certificate of appealability.

Any objections to this Recommendation must be filed and served upon all parties no later than **June 28, 2019.** The Clerk should note the matter for **July 1, 2019,** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within

REPORT AND RECOMMENDATION- 13

14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of June, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION- 14